```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT

Joseph Scione, Jr.,             :
        Petitioner,             :
                                :
     v.                         :    File No. 2:08-CV-8
                                :
Robert Hofmann,                 :
Commissioner, Vermont           :
Department of Corrections,      :
        Respondent.             :
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 4 and 6)

Joseph Scione, Jr., a Vermont inmate proceeding *pro se*, has filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. His claim is that his attorney coerced him into pleading guilty to state charges. The respondent now moves to dismiss the petition as untimely. For the reasons set forth below, I recommend that the motion to dismiss be GRANTED and the petition be DISMISSED.

Factual Background

Scione was convicted in 2002 of aggravated assault, possession of a destructive device, unlawful trespass and possession of marijuana. On September 24, 2002, he was sentenced to 10 to 15 years with all but 173 days suspended. Probation conditions were imposed and he was released.

On December 5, 2002, Scione was found to have violated his probation.  The state court revoked his probation and imposed an amended sentence of eight to 15 years with credit for time served.  Scione also received a concurrent sentence of three to five years for felony marijuana possession.  He did not appeal his convictions.

On June 24, 2003, Scione filed a petition for post-conviction relief ("PCR") in state court.  His court-appointed attorney subsequently moved to withdraw the petition for lack of merit, and on June 14, 2004, the state court dismissed the PCR action.  Scione filed his § 2254 petition in this Court on January 24, 2008.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for habeas corpus petitions filed by persons in custody pursuant to a state court conviction.  28 U.S.C. § 2244(d)(1).  Generally, this one-year period runs from "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §

2244(d)(1)(A).  In Vermont, and for purposes of the AEDPA, when a petitioner has not filed a direct appeal, his conviction is deemed to have become final 30 days after the date of his sentencing.  See V.R.A.P. 4; cf. Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000); Walker v. Perlman, 556 F. Supp. 2d 259, 261 (S.D.N.Y. 2008).  The AEDPA statute of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).

Scione's ultimate sentence was imposed on December 5, 2002.  Because he did not pursue a direct appeal, his sentence became final in early January 2003.  Pursuant to § 2244(d)(2), his limitations period was tolled between June 2003 and June 2004 by virtue of the pending PCR petition.  The one-year limitations period under the AEDPA expired in January 2005.  Scione did not file his § 2254 petition until 2008.  The petition was, therefore, untimely.

Equitable tolling of the AEDPA limitations period may be considered if the petitioner can demonstrate "'(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way.'" Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Scione has not argued for equitable tolling. Indeed, he has not offered any response whatsoever to the respondent's motion to dismiss.  Although his petition makes a brief reference to illness, he has failed to establish either diligence or extraordinary circumstances.  I therefore recommend that his petition be DISMISSED as untimely.

## Conclusion

For the reasons set forth above, I recommend that the respondent's motion to dismiss (Paper 6) be GRANTED, and that Scione's § 2254 petition (Paper 4) be DISMISSED.

Dated at Burlington, in the District of Vermont, this <u>5th</u> day of September, 2008.

<u>/s/ Jerome J. Niedermeier</u><br>
Jerome J. Niedermeier<br>
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings,

recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).